Turley, J.
delivered the opinion of the court.
The' facts of this case, as they appear from the record, are as follows :—
On the 7th day of December," 1846, G. T. Brown, a justice of the peace, for the 14th district, in the county of Sumner, issued a warrant in favor of R. C. Tyree, against one F. L. McDaniel, for the sum of one hundred dollars. This warrant was exhibited by said McDaniel to the justice for his signature, and on it were the following endorsements:—
“ I acknowledge service of the within warrant, December 9, 1846. F. L. McDaniel.”
“ Judgment confessed by the defendant to the plaintiff for one hundred dollars, debt and all legal costs, given sunder my hand and seal, December 7, 1846.
G. T. Brown, J. P.”
This confession of judgment was entered by the defendant in the warrant, F. L. McDaniel, and signed by the justice; after which the warrant, with these endorsements, was handed by him to McDaniel, and the same was never returned to the justice till the 8th day of December, 1847, twelve months after the issuance of the warrant and the 'confession of the judgment; then the constable handed it ¡to him to issue a scire facias to renew the judgment.
*476 Brown, the justice, expressly proves, that he never did receive or accept the plaintiffs in error, Davis and Cocke, as stayors of the said confessed judgment: but that when the constable returned the warrant, and the confessed judgment thereon, for the issuance of the scire facias, the names of Cocke and Davis were on the back of the warrant as stayors, but when put there or by whom he does not know.
Upon this, Brown, the justice of the peace', after issuing a scire facias against McDaniel, Cock, and Davis, to show cause why an execution should not be issued against them upon the judgment confessed before him, by McDaniel, in favor of R. C. Tyree, for one hundred dollars, on the 7th day of December, 1846, issued a joint execution against them for the amount, and Davis and Cocke superseded it, upon the ground that they did not stay said judgment.
And it is very obvious that they did not. No one but the justice, before whom the judgment was confessed, had legal authority to stay it, by entering the names of Davis and Cocke as stayors thereto; this he swears he never did, and that he does not know who did, nor when it was done. The issuing the scire facias to renew the judgment was a nullity, and Davis and Cocke are not estopped by the proceedings thereon. In fact, the justice says, he did give no judgment of renewal upon the return of the scire facias, but that he had it in his mind to do so, and thereupon issued the execution which is superseded.
Davis and Cocke are not legally parties to this judgment, and execution against them is illegal, and ought to have been quashed by the Circuit Court; in not doing this his Honor, the judge, erred, and his judgment must be reversed, and the execution quashed, as to Davis and Cocke, with cost.